IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE CHISOLM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, ET AL. | : | NO. 14-5923 |

ORDER

AND NOW, this 8th day of September, 2015, upon consideration of petitioner Dwayne Chisolm's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1), respondent Commonwealth of Pennsylvania's response thereto, our Order referring this matter to the Honorable Thomas J. Rueter for a report and recommendation ("R&R"), Judge Rueter's report and recommendation (docket entry #10), and petitioner Chisolm's pro se objections thereto, and the Court finding that:

(a) Judge Rueter issued his report and recommendation that we deny Chisolm's petition for writ of habeas corpus and that no certificate of appealability should issue, R&R at 5;

(b) Local Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

(c) After a request for additional time, which we granted, Chisolm filed his pro se objections on April 6, 2015;

(d) As Chisolm does not object to the procedural history recounted in the report and recommendation, we recite the history of this case as recounted therein;

(e) Chisolm was convicted of two counts of possession with intent to deliver a controlled substance by a jury sitting in the Court of Common Pleas of Lehigh County, Pennsylvania (CP-39-CR-0001700-2011), R&R at 1;

(f) The Commonwealth filed its intent to invoke the mandatory sentencing provisions found at 18 Pa. Cons. Stat. Ann. § 7508(a)(3)(ii), which provide that when the aggregate weight of the controlled substance is ten to one-hundred grams, and the defendant previously had been convicted of a drug trafficking offense, a mandatory minimum sentence of five (5) years should be imposed, id.;

(g) The trial judge sentenced Chisolm to an aggregate term of five to ten years incarceration on November 22, 2011, id.;

(h) Petition filed a direct appeal in the Superior Court of Pennsylvania raising three issues for review:

1. Whether or not the evidence presented at the time of trial was sufficient as a matter of law to support the conviction for possession with intent to deliver a controlled substance as there was never any direct proof that the Defendant possessed any illegal substance?

2. Was the verdict against the weight of all evidence in regards to the Defendant's conviction for possession with intent to deliver a controlled substance?

3. Whether the court's imposition of the mandatory sentences and the denial of the Defendant's post-sentence motions were incorrect based upon the Commonwealth engaging in outrageous actions in the investigation of the Defendant for these drug activities, which resulted in the Commonwealth engaging in sentencing entrapment?

Commonwealth v. Chisolm, No. 483 EDA 2012, slip op. at 5 (Pa. Super. Ct Apr. 5, 2013), id. at 1-2;

2

(i) The Superior Court affirmed Chisolm's conviction on April 5, 2013, Commonwealth v. Chisolm, 75 A.3d 545 (Pa. Super. Ct. 2013) (Table), id. at 2;

(j) Chisolm did not request review by the Pennsylvania Supreme Court, id.;

(k) On November 19, 2013, Chisolm filed a pro se petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann § 9541 et seq., id.;

(l) In his pro se PCRA petition, Chisolm challenged the legality of his mandatory minimum sentence pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013), wherein the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt, id.;

(m) The PCRA court denied the petition on July 14, 2014, id.;

(n) Chisolm then appealed to the Superior Court of Pennsylvania (Docket No. 2424 EDA 2014) on August 13, 2014, id.;

(o) Chisolm then filed a "Praecipe to Discontinue Appeal," on September 7, 2014, and the Superior Court marked the appeal discontinued on September 12, 2014, id.;

(p) On October 17, 2014, Chisolm filed his petition for a writ of habeas corpus, id. at 3;

(q) In his petition, Chisolm raises one issue: whether his mandatory minimum sentence of five years violates the Supreme Court's decision in Alleyne, id.;

(r) After considering Chisolm's claims, Judge Rueter concluded in his report and recommendation that Chisolm had procedurally defaulted by not exhausting the issue raised

in state appellate courts as required by 28 U.S.C. 2254(b)(1)(A), and that Chisolm's claim had no merit and thus no certificate of appealability should issue, id. at 3-5;

    (s)  Chisolm objected to certain portions of the report and recommendation, and we make de novo determinations of those portions of the report or specified proposed findings or recommendations, see 28 U.S.C. § 636;

    (t)  We briefly rehearse the standards from the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governing our de novo review;

    (u)  AEDPA permits persons in state custody to file a petition seeking the writ of habeas corpus in federal court, 28 U.S.C. § 2254(a), but mandates great deference to state courts' factual findings and legal determinations, see Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (explaining Section 2254(d)'s highly deferential standard for evaluating state court rulings) & Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (explaining that AEDPA increased the deference federal courts must give to state courts' factual findings and legal determinations);

    (v)  If a state court adjudicated a habeas petitioner's claims on the merits, then a federal court may not grant relief on those claims unless (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) the adjudication resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2);

    (w)  A federal court evaluating a habeas petition may only grant the writ under 28 U.S.C. § 2254(d)(1) if the state court arrived at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decided a case

differently that the Supreme Court on a set of materially indistinguishable facts, Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000) (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000));

(x)     An unreasonable application inquiry requires us to ask whether the state court's application of clearly established law was objectively unreasonable, id., but an unreasonable application differs from an incorrect application, and we may not grant relief unless the state court's incorrect or erroneous application of clearly established law was also unreasonable, Werts, 228 F.3d at 196;

(y)     Under 28 U.S.C. § 2254(d)(2), we may not grant a state prisoner's application for habeas relief on a claim already adjudicated on its merits in state court unless the adjudication resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding;

(z)     Chisolm raises three specific objections to the report and recommendation, arguing that (1) Judge Rueter entered his report and recommendation prior to the expiration of the twenty-one day time period for Chisolm to reply to the Commonwealth's answer, (2) Judge Rueter erroneously raised and decided Chisolm's alleged procedural default of his claim without providing him with notice and an opportunity to respond, and (3) his direct appeal process under the PCRA had not yet expired at the time Alleyne was decided, and therefore the Teague v. Lane, 489 U.S. 288 (1989), retroactivity test does not apply, Objections at 1, 3-4;

(aa)    We consider these objections in turn;

(bb)    First, Chisolm objected to Judge Rueter issuing his report and recommendation before the expiration of the twenty-one day time period for Chisolm to reply to the Commonwealth's answer;

(cc)  Chisolm cites U.S. Dist. Ct. R. E.D. Pa., Civ. Rule 9.4(7), which states that, "[a]ny reply to the [Respondent's] response must be filed within twenty one (21) days of the filing of the response and may not exceed 30 pages;"

(dd)  While this rule does govern the time allowed for a petitioner to reply to a Respondent, it does not grant the petitioner a mandatory right to respond;

(ee)  Chisolm stated that Judge Rueter's decision to release his report and recommendation before the expiration of Chisolm's 21-day period to submit a reply to the Commonwealth's response deprived him of the ability to provide a comprehensive legal argument in support of his petition, Objections at 2;

(ff)  He goes on to state, however, that this objection is stated if "this Court would be inclined to conclude Petitioner's contentions are waived because they were not asserted prior to [the R&R]…this Court should remand this matter to the Magistrate to allow Petitioner to file his reply…" id. at 3;

(gg)  Chisolm further notes himself that he has taken the opportunity to set forth his legal argument in his Objections to the report and recommendation, id.;

(hh)  Since we review the objected to portions of Judge Rueter's report and recommendation de novo and since Chisolm has by his own admission laid out his legal argument in his Objections, we overrule Chisolm's objection to the report and recommendation on this point;

   (ii) Second, Chisolm objects to Judge Rueter's decision to raise and decide Chisolm's alleged procedural defects <u>sua sponte</u> without providing him with notice and an opportunity to respond, <u>id.</u>;[1]

   (jj) Chisolm states that had he been given notice of his alleged procedural default, he would have presented facts that would support a finding of cause and prejudice to his procedural default by showing that initial-review PCRA counsel was ineffective, <u>id.</u> at 4;

   (kk) As Chisolm admits, our Court of Appeals in <u>Hull v. Freeman</u>, 932 F.2d 159, 164 (3d Cir. 1994) has squarely held that a federal court may raise the issue of procedural default in <u>habeas</u> cases <u>sua sponte</u>, Objections at 3;

   (ll) Chisolm does cite cases from the First, Ninth, and Tenth Circuits that oblige federal courts to give petitioner's notice of the procedural default and an opportunity to respond, specifically when the petitioner is <u>pro se</u>, see <u>Oakes v. United States</u>, 400 F.3d 92, 98, (1st Cir. 1995), <u>Hardiman v. Reynolds</u>, 971 F.2d 500, 501 (10th Cir. 1992, <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1128 (9th Cir. 1998), Objections at 3-4;

   (mm) But, our Court of Appeals, has not embraced this position, and other district courts in the Third Circuit have held that a petitioner receives notice of the alleged procedural default in the report and recommendation, and his right to file objections to the report and recommendation affords him adequate opportunity to raise any legitimate defenses to a procedural default, see <u>Kreider v. Pennsylvania</u>, No. 06-2501, 2007 WL 1057005, at *5 (E.D. Pa. April 4, 2007), <u>Hopkins v. Owners of West Coast Video</u>, No. 06-0718, 2007 WL 1469008, at *5 (W.D. Pa May 17, 2007);

---

[1] Chisolm does not dispute his procedural default in failing to exhaust all available state remedies, as he did not appeal the PCRA court's decision to deny his petition challenging the legality of his mandatory minimum sentence. R&R at 2.

(nn)    Chisolm did not present any facts in his objections to the report and recommendation to support his claim that his alleged procedural default of not exhausting his state court remedies before filing a petition for writ of habeas corpus in federal court was excused by ineffective assistance of counsel;

(oo)    We therefore overrule Chisolm's objection to the report and recommendation on this second point;

(pp)    Third, Chisolm objects to Judge Rueter's finding in his report and recommendations that the Supreme Court's ruling in Alleyne does not retroactively apply to his case, and asserts that his conviction was not final since his direct appeal process under the PCRA had not yet expired, Objections at 1, 3-4;

(qq)    While Chisolm has failed to exhaust his remedies in state appellate courts as required by 28 U.S.C § 2254(b)(1)(A), we will nevertheless review the merits of this issue pursuant to 28 U.S.C. 2254(b)(2), which allows us to deny a petition for writ of habeas corpus on the merits despite petitioner's failure to exhaust all available state court remedies;

(rr)    In Alleyne, the Supreme Court set forth a new constitutional law of criminal procedure by holding that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, and therefore must be submitted to a jury and found to be true beyond a reasonable doubt, 133 S.Ct. 2151 (2013);

(ss)    The Supreme Court in Teague v. Lane, 489 U.S. 288, 310 (1989) held that new constitutional rules of criminal procedure will not be applicable to those cases which have become final before new rules are announced, unless the rule falls within one of two exceptions;

(tt) Those two exceptions are "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," and new procedural rules that "are implicit in the concept of ordered liberty," id. at 311;

(uu) The Supreme Court further explained that the exception for procedural rules was limited to "watershed rules of criminal procedure" which "alter our understanding of the bedrock procedural elements," of the adjudicatory process, id.;

(vv) Our Court of Appeals has stated that the Alleyne decision did not fall under either of these exceptions to the general rule laid out by the Supreme Court in Teague, and held that Alleyne cannot be applied retroactively to cases on collateral review, U.S. v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014);

(ww) The question for us, therefore, is whether Chisolm's conviction was final at the time Alleyne was decided;

(xx) Chisolm did not request review by the Pennsylvania Supreme Court after the Superior Court affirmed his conviction on April 5, 2013, R&R at 2;

(yy) Pennsylvania Rule of Appellate Procedure 1113(a) states that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed;"

(zz) Judge Rueter therefore found in his report and recommendation that Chisolm's conviction became final on May 6, 2013, before the decision in Alleyne was announced on June 18, 2013, R&R at 4;

(aaa) Chisolm contends that his case was not final when the decision in Alleyne was announced because the one year time period for seeking collateral review under the PCRA

had not yet expired, and therefore his claim under <u>Alleyne</u> is not barred by <u>Teague</u>, Objections at 4-5;

(bbb)   The Supreme Court in <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994) held that both a "state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapses…;"

(ccc)   The PCRA similarly defines a final judgement "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review," 42 Pa. Cons. Stat. Ann. § 9545(b)(1);

(ddd)   The Pennsylvania Superior Court has further held in <u>Commonwealth v. Harris</u>, 114 A.3d 1, 6 (Pa. Super. Ct. 2015) that a PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgement is not final;

(ddd)   Chisolm's assertion that his conviction and sentence were not final because the time period for seeking collateral review under the PCRA had not yet expired is erroneous;

(eee)   Instead, it was only because his conviction and sentence were final that Chisolm had any capacity to seek relief under the PCRA;

(fff)   We therefore overrule Chisolm's objection to the report and recommendation on this third and final point;

(ggg)   To summarize our <u>de novo</u> review: While it is likely that Chisolm procedurally defaulted when failing to exhaust his state appellate remedies, we can nonetheless reject his constitutional claims on the merits since his conviction became final prior to the

Supreme Court's decision in Alleyne and since our Court of Appeals in Winkelman has held that Alleyne does not apply retroactively;

(hhh) Chisolm has not requested an evidentiary hearing and we find that one is not required;

(iii) As we have overruled all of Chisolm's objections after de novo review and find that no evidentiary hearing is required, we will adopt the report and recommendation, deny Chisolm's petition, decline to conduct an evidentiary hearing; and

(jjj) As we have rejected Chisolm's constitutional claims on their merits and reasonable jurists would not find our assessment of his constitutional claims debatable or wrong, we will decline to issue a certificate of appealability, see Slack v. McDaniel, 529 U.S. 473, 484 (2000) & 28 U.S.C. § 2253(c)(1)(A);

It is hereby ORDERED that:

1. The report and recommendation (docket entry #10) is APPROVED and ADOPTED;

2. Petitioner Dwayne Chisolm's petition (docket entry #1) is DENIED without an evidentiary hearing;

3. We DECLINE to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.